## No. 5709.

### STATE OF LOUISIANA vs. MOSES HARVEY.

On the trial of this case objection was made by the defendant to the admission in evidence of the written deposition of a witness, taken before the committing magistrate and offered by the State, on the ground that the constitution of the United States, as well as that of Louisiana, gives every accused person on trial the right of being confronted face to face by the witnesses against him, and that such proceeding as was had in the case deprives him in effect of said right.

The court *a qua* did not err. Before admitting the deposition it was proved that the witness was absent and could not be found; that, on the preliminary examina-. tion, he testified in presence of the accused; that his testimony was reduced to writing, read to and subscribed by him in the presence of the accused, and attested by the committing magistrate. This seems to bring the case within the

8

State of Louisiana vs. Harvey.

common-law rule to the effect "that if due diligence has been used, and it is made manifest that the witness has been sought for and can not be found, or if it be proved that he was subpœnaed and fell sick by the way, his deposition may be read, for that, in such case, he is in the same circumstances with regard to the party that is to use him as if he were dead."

APPEAL from the Superior Criminal Court, parish of Orleans. *Atocha,* J. Criminal case. *P. William Kramer,* for defendant and appellant. *A. P. Field,* Attorney General, for plaintiff and appellee.

HOWELL, J. The defendant has appealed from a judgment sentencing him to imprisonment at hard labor in the State Penitentiary for the term of four years for the crime of manslaughter, and he urges before us a bill of exceptions taken to the admission in evidence of the deposition of one George Morris, taken before the committing magistrate and offered by the State.

The ground of objection is "that the constitution of the United States, as well as that of .Louisiana, gives every accused person on trial the right of being confronted face to face by witnesses against him, and that such proceeding in effect deprives him of such right."

Before admitting the deposition it was proved that the witness was absent and could not be found; that on the preliminary examination he testified in presence of the accused· that his testimony was reduced to writing, read to and subscribed by him in presence of the accused, and attested by the committing magistrate.

This seems to bring the case within the common-law rule to the effect "that if due diligence has been used, and it is made manifest that the witness has been sought for and can not be found, or if it be proved that he was subpœnaed and fell sick by the way, his deposition may be read, for that, in such case, he is in the same circumstances as to the party that is to use him as if he were dead." See Archbold's Criminal Practice and Pleading, seventh edition, vol. 1, p. 479, note (1); B. N., p. 239; Hawk. P. C., b. 2, c. 46, sec. 18.

If the accused had the witness "face to face" on the preliminary trial and had the opportunity to cross-examine him, his constitutional right, invoked by him, is not violated by the introduction, on the final trial, of the deposition of such witness, where it is shown that the witness can not be produced. Otherwise it would be in the power of the accused to deprive the State of the testimony of all witnesses against him by preventing their attendance through some undue influence, or the State would be deprived of the proof by the death of the witness; for the constitutional right would apply equally in both cases, and thus convictions might never be obtained.

We are constrained to say that the judge did not err in admitting the deposition.

Judgment affirmed.

Rehearing refused.