Hon. FÉLIX P. POCHÉ,
Hon. ROBERT B. TODD,
Hon. CHARLES E. FENNER,*
Hon. LYNN B. WATKINS,

} *Associate Justices.*

---

THE STATE OF LOUISIANA VS. ABRAHAM LEWIS, *alias* NISH OR SNOOT.

Criminal courts have no authority to examine members of the grand jury as witnesses concerning proceedings which may have taken place in their room or during their deliberations.

There is no law which prescribes the *quantum* of evidence on which grand juries must rest their conclusions in returning indictments.

Their findings amount at most to accusations, and in their conclusions they are beyond the control of the courts.

APPEAL from the Twenty-sixth District Court, Parish of St. John the Baptist. *Rost*, J.

---

*G. Leche*, District Attorney, *H. N. Gautier* and *John M. Ogden* for the State, Appellee.

*Chas. A. Baquié*, for Defendant and Appellant:

1. Where an indictment is laid before the grand jury without any names of witnesses being indorsed thereon, with the coroner's inquest and the testimony taken thereat, and the grand jury, without summoning, swearing or examining any witnesses in the case,

---

*Absent during the whole of this term.

State vs. Lewis.

finds a true bill against the accused upon the testimony taken before the coroner, the indictment will be quashed as being found on illegal and insufficient proof. 14 Ann. 461 ; Archbold's P. and P., vol. I, pp. 98 *et seq.* and foot notes.

2. Such irregularities may be urged in a motion to quash. and competent evidence should be heard in support of the motion.

3. In the absence of any count or averment to that effect in the indictment, the State should not be allowed to prove that the accused was a fugitive from justice when arrested, thereby illegally creating a presumption of guilt against him. 36 Ann., State, vs. Victor.

4. The general presumption of guilt resulting from flight does not arise when the crime has been committed in the presence of witnesses who testify at the trial. 37 Ann. 77. State vs. Melton.

5. The accused has a constitutional right of being heard by his counsel and to present his defense to the court and jury, and any abridgment of that right is repugnant to the principle of charity and liberality which characterizes the criminal law towards accused persons.

The opinion of the Court was delivered by

POCHÉ, J. The defendant seeks relief from a conviction of murder without capital punishment, and he relies on two bills of exception :

1st. He charges error in the disposition made by the trial judge of his motion to quash the indictment. His ground was that the finding of the grand jury was not supported by sufficient evidence, but that it rested exclusively on the testimony taken at the coroner's inquest. The judge properly refused to hear evidence in support of the charge of alleged misconduct of the grand jury.

There was no defect of form or of substance apparent on the face of the indictment, and none was even alleged, and hence the motion to quash contained no elements which must form the basis of such a motion.

The finding of the grand jury is not a verdict or judgment; it amounts, at most, to an accusation ; and we know of no law which fixes the nature or *quantum* of the evidence on which the grand jury must rest their conclusions.

The law which exacts of members of the grand jury a solemn oath not to disclose the proceedings which take place in the grand jury room can surely not be invoked to open the lips of these same members in order to give testimony concerning the very proceedings which they have promised under the sanctity of an oath to keep secret. If, therefore, the inquiry suggested by defendant's complaint could in the least be sanctioned by law, the investigation would be paralyzed by reason of the utter absence of all means to render it effective.

But in law as well as in reason there is no more authority to justify an inquiry into the nature of the evidence which the grand jury has considered in finding a true bill than there would be to require the

District Attorney to disclose or detail the sources of knowledge on which he bases his information in cases where that proceeding is sanctioned by law. State vs. Jones, 8 Rob. 617; State vs. Bunger, 14 Ann. 461.

2d. The second complaint charges error in allowing the officer who had arrested the accused to answer the question, "when and where was the accused arrested?"

The ground is that the intention of the State was to show that the accused had fled from justice, without any averment to that effect in the indictment.

Nothing in the question or in the record shows that such was the intention of the District Attorney.

And if the question had drawn from the witness an answer showing the fact, the objection would go to the effect, and not to the admissibility of the evidence.

We find no error to the prejudice of the accused.

Judgment affirmed.