State vs. Comeau.

Argued and submitted January 11, 1896.

Opinion handed down January 20, 1896.

48   249|
114   418|

---

No. 11,980.

THE STATE VS. JOACHIM COMEAU.

48   249|
115   788|

48   249|
f124   754|

A member of the grand jury can not be permitted to impeach its finding, by testifying he, as a witness before that body to support the indictment, was not. sworn.   1 Bishop Sec. 874,873; 1 Wharton's Criminal Law Sec. 509; 38 An. 680.

APPEAL from the Nineteenth Judicial District Court for the Parish of St. Martin.   *Voorhies, J.*

---

*M. J. Cunningham,* Attorney General, and *R. F. Broussard,* District Attorney, for Plaintiff, Appellee.

---

·*Edward Simon,* for Defendant, Appellant.

Argued and submitted January 11, 1896.
Opinion handed down January 20, 1896.
Rehearing refused February 10, 1896.

The opinon of the court was delivered by

MILLER, J. The defendant appeals from a sentence for shooting at the party named in the indictment.

He relies on a demurrer to the indictment on the ground that a witness, the foreman of the grand jury, heard as a witness before that body in support of the indictment, was not sworn. It is alleged the name of this witness is endorsed on the indictment, hence we infer the lower court entertained the demurrer on motion to quash, as it is termed in the brief for the accused.

The defendant proposed to sustain the demurrer by the testimony of the foreman, the alleged witness before the jury and the person against whom the shot was directed. . The court refused to allow the testimony, and defendant's bill is to that refusal. It is strenuously contended the rule prohibiting all disclosures, impeaching their findings, by members of the grand jury of proceedings before it, does not preclude testimony from one of them that he was not sworn. The rule forbidding the juror, whether of the grand or petit jury, from impeaching his finding or verdict, is one of public policy. The juror is not permitted to affirm he disregarded the law, thus assail his own action and disturb the basis on which judicial proceedings are conducted. The testimony that the juror has disregarded obligation, or that the proceedings of the jury of which he formed part were illegal, must come from others and not from him. Of this general rule, of course, there can be no question. 1 Wharton Criminal Law, Sec. 509, 512; 1 Bishop Criminal Law Sec. 874. This court has applied the rule in a case where it was sought to show by members of the grand jury that their finding was on insufficient testimony. State vs. Lewis, 38 An. 680. We think the policy of the rule equally extends to jurors impeaching their action by testifying the witness before them, one of their own number, was not sworn. Again, if in this case the witness testified he was not sworn, it might well be that the jury acted on other evidence, and no member of the jury could be used as a witness to disturb the finding, on the ground of insufficient testimony. 1 Bishop Crim. Proc.

Sec. 873. The application of the rule protecting grand jury proceeding against impeachment by their members is enforced, we think, by the ineffectiveness of such testimony if allowed from one of them that he was not sworn. With all effect given to such testimony, *non constat* there was not other testimony to sustain the bill. The presumption is there was, and testimony from the jury can not be admitted to the contrary. We think there was no error in this respect in the action of the lower court.

Another bill reserved by the lower court was to permitting the State's witness to exhibit the attitude and motion of the accused when he fired the shot. As we understand the bill the witness accompanied his testimony by the appropriate positions and motions attributed by the testimony to the accused. By this the jury were aided in their appreciation of the testimony, and. in our opinion no basis was thereby afforded for the exception.

We have considered the only bills urged · on us by the counsel for the accused, and in our opinion neither can be sustained.

It is therefore, ordered, adjudged and decreed that the sentence of the lower court be affirmed.