The opinion of the court was delivered by
Breaux, J.
The relator, unable, he says, to attend the sessions-of the Recorder’s Courts, employed a duly licensed and practising attorney, to appear for the State, and conduct in his name and stead, a criminal prosecution.
The respondent, on the motion of the defendant, ruled,when the case *1370 was pending in the court below — i. e., in State vs. Bonafon, that the District Attorney was without authority to appear before a police court and examine witnesses; and, therefore, he was without legal power to send any one to represent him in the ease before his court.
By the statute, it is made the duty of the District Attorney to represent the State in all civil and criminal actions.
Recorders, as committing magistrates, are vested with criminal jurisdiction.
This jurisdiction involves the discharge of highly important and responsible duties.
The law intends that a careful examination shall be made into the case, for and'against the prisoner.
In principle, the difference between the trial of a case and a preliminary examination is not great.
In the former, the accused is convicted only in case of guilt beyond a reasonable doubt; in the latter, he is bound over or committed where there is probable cause to suppose that he is guilty.
In addition to the important duty of committing magistrate it devolves upon the recorders, before whom a preliminary examination is held, to transmit all depositions of witnesses to the court having jurisdiction, in order that they may be delivered to the Attorney General or District Attorney for the purpose of preparing information or indictment, as the case may be.
It would seem to follow that the District Attorney, charged with the prosecution of accused persons, should have the authority to appear before a court exercising the important functions just stated, and in the second place, that he should be heard, when the purpose is to assist in the preliminary examination, and in preparing and keeping a record of the proceedings.
Years ago, the question arose, as to whether the accused had the right to be represented by counsel in his examination.
This court maintained the right. State vs. Oger, 5 An. 744.
Such being the right of the accused, a similar right should not be denied to the State.
There was no law under which accused could claim, as a right, to be represented by counsel, and yet, the court decided in the cited case supra that privilege of counsel would not be denied in view of the importance of making a proper defence.
*1371 We do not think, in the case under consideration, the law is silent, or that there is no law upon the subject.
The District Attorney is authorized to appear and prosecute in all criminal cases coming before the criminal courts.
An examining court, though held by a recorder, has concurrent jurisdiction in preliminary examination cases with all courts having the authority of examining courts.
The case here is a criminal ease, under examination before a criminal court. When a recorder sits In a preliminary examination his court is a court having jurisdiction, to that extent, in criminal cases, and it is not a mere police court, as urged by the respondent.
The magistrate, as a committing magistrate in criminal cases, is vested (it has been decided) with judicial power. State ex rel. Goale vs. Recorder, 30 An. 450, 455.
But conceding for a moment that the magistrate, in the exercise of this jurisdiction, does not put forth judicial powers; that he is a mere clerk, invested with entirely ministerial functions; in view of the fact that the depositions of material witnesses are to be transmitted to the District Oourt to be delivered to the District Attorney for the purpose of preparing the information or indictment, that officer should be heard when he offers tojassist the court in the performance of that duty.
Having determined that the District Attorney should be heard when he offers to prosecute, in a preliminary examination; this conclusion leads us to the second branch of the case: the authority of counsel to appear for the district attorney.
A question similar arose in State vs. Anderson, 29 An. 774.
The court held that, “ the District Attorney may employ associate counsel to aid him in a case.”
This decision was affirmed in State vs. Mangum, 35 An. 619, and reaffirmed in State vs. Mack, 45 An. 1155.
The duties of the counsel are entirely ministerial. The functions are of reasonable obedience and service. They invoke no authority, discretion or jurisdiction of any sort. He has no authority to direct or control or exclude other counsel. He appears only to assist the court in procuring the presence of witnesses; in their examination, and in other proceedings of a committing court.
In other words the law officer of the State may, through counsel, give his advice and opinion to the committing court.
*1372 This being the extent of the service, the defendant has no ground upon which to base an objection. He'is without right and can-not sustain the point urged in his behalf.
The right of the accused “ to defend himself,” does not include a right to challenge the authority of the District Attorney, to secure the service of counsel, when he, for good reason, is unable to be present, to examine witnesses and conduct the prosecution on preliminary hearing.
The defendant has the right to be heard personally, or through counsel before the committing court, but he has not the legal power to raise an incidental question, such as the one involved in this case. The legal defence is not affected by the service of. counsel, who appears only to assist the court in the preliminary examination.
It is therefore ordered, adjudged and decreed that relator’s prayer be, and it is granted, and the mandamus sought is made peremptory ; and let counsel render service in accordance with the application made by the relator.