No. 12,735.

## STATE OF LOUISIANA VS. ULYSSES RICHARD.

A grand jury without having heard witnesses may return an indictment into court.
The grand jury may prefer charges founded upon the.knowledge of members of the body.
The District Attorney can not be examined on a motion to quash for the purpose of proving by him that the indictment had been preferred without evidence of guilt of the accused.

APPEAL from the Eleventh Judicial District Court for the Parish of Acadia. *Dupré, J.*

*M. J. Cunningham*, Attorney General, and *R. Lee Garland*, District Attorney (*P..A. Simmons, Jr.*, of Counsel), for Plaintiff, Appellee.

*E. P. Veazie* for Defendant, Appellant.

Submitted on briefs February 26, 1898.
Opinion handed down March 7, 1898.

The opinion of the court was delivered by

BREAUX, J. The question before us for determination is whether the preferment by a grand jury of an indictment (if found without any evidence as to the guilt of the accused) may be proved by the prosecuting officer.

The facts are that one indictment numbered 458 had been quashed in this case. The grand jury returned a second indictment No. 462

on January 6, 1898. The next day prior to plea pleaded the defendant interposed the objection that the grand jury entered this indictment without having heard any evidence whatever.

On the trial of the motion to quash the District Attorney was examined as a witness, and was asked if he was present when the indictment was found, to which he replied that he withdrew from the deliberation when the jury's vote was taken.

He was then asked whether witnesses had been examined after the indictment No. 458 was quashed in order to find indictment No. 462. He refused to answer. After this refusal, another question was propounded, to-wit:

" Q. Conceding for the sake of question that the grand jury heard evidence on which they based the indictment 458 did they hear any evidence of any kind in order to find indictment No. 462?" This also he declined to answer. He was sustained by the court and a bill of exceptions was taken to the court's ruling setting forth the facts. A copy of the District Attorney's testimony was annexed to the bill of exceptions.

With these facts before us we have given all attention possible to defendant's position. The statute having made it the duty of grand jurors to inform the grand jury of any violation of the criminal laws, which may have come to his knowledge, it follows that presentment may be made upon the knowledge of the grand jury founded upon the information of one of their number. This knowledge of one of the grand jurors may be sufficient for the exercise of their function and the return of a true bill in a case.

In a charge of Associate Justice Field of the Supreme Court of the United States to a grand jury in the United States Circuit Court for the District of California, he explained to the jurors " that their investigations must be limited to such matters as may be called to their attention by the court or may be submitted to their consideration by the District Attorney, or should the District Attorney refuse to act, they may make their complaints to a committing magistrate, or must be limited to such facts as may come to their knowledge in the course of their investigations into the matters brought before them, or from their own observations, or may come to their knowledge from the disclosure of their associates." We take it that under the statutes of this State, and under the authority of an instruction to a jury, which must command respect in all places where

reasons control, the grand juries have the right to originate charges against offenders. Such we take it, is the view, in other jurisdictions under statutory provisions. Merriam and Thompson,. par. 615.

It has been decided in other jurisdictions that, in view of the fact. that a grand juror is under oath to make only true presentment,. there is no necessity that he should take an oath as a witness. When the grand jury is investigating a criminal charge or afterward, we do not take it that it is possible under the law to compel the District Attorney to divulge to any particular individual any of the secrets of the grand jury not due to the public. With reference to the latter, secrets not due to the public, it is generally agreed that, in case of perjury of any one before that body, a grand juror may be called upon to testify; it may also be that he may also be called upon to testify that the number required (twelve) did not agree to the return. But this is exceptional. The rule is that the proceedings are carried on in secret,. and in consequence grand jurors and the prosecuting officer can not be made to divulge any facts not due to the public. The practice has. never been under statute similar to the one to which we have referred, *supra*, extended so as to permit an examination of the prosecuting officer, for the purpose of proving by him that the indictment had been preferred without any evidence as to the guilt. of the accused. This would imply the right of a defendant to be forewarned of proceedings against him, and to insist in all accusations. that evidence be heard despite the fact that all the information needful to the return of an indictment had already come to the grand jury's knowledge; and further it would enable an accused to demand as a right to be informed by the prosecuting officer whether the charge originated with the grand jury, upon information received from one of their number, or after having heard the testimony of other witnesses. This would have the appearance of calling in question the validity of the proceedings of the grand inquest by one of its own members. The practice of admitting the presence of the prosecuting officer, at times during the proceedings, must, in the order of things, require secrecy of him, as well as of the members of the grand jury.

The rule as to secrecy includes the grand jurors themselves, and the prosecuting officer.. Greenleaf, Vol. 1, par. 252.

The duty devolving upon the prosecuting officer requires that he shall examine witnesses when called upon by the grand jury, and he may also attend, in the performance of this service, when he judges proper. He may be called upon for instruction, and he may also be present to advise that body, but he should not be present during their deliberations, or when they determine whether or not to return a true bill.

We have no law or decision in support of the position that an-accused can avail himself of the fact of the occasional presence of the prosecuting officer, to prove by his testimony, that no testimony was heard by the grand jury prior to the return of the indictment to which he is called upon to plead.

It might be different if the case. were one in which the accused was made the victim of the vindictive zeal of some one. There is nothing of the kind pleaded. It would be an injustice if at any time the grand inquest in the most remote manner were to avail itself of the secrecy of its proceedings to become an engine of tyranny or abuse. This is not even suggested or hinted at in the pleadings.

If, as we may infer from the facts in the record, the grand jury had previously heard testimony, and, after hearing it, had returned an indictment into court, which was quashed, there was not the least necessity for re-examining the witness and reconsidering the testimony, to return another indictment into court. The formality of re-examination of witnesses, or of reconsidering the knowledge upon which the grand jury had previously acted, would have been vain and tedious.

It is ordered, adjudged and decreed that the judgment appealed from is affirmed.