(38 South. 403.)

No. 15,478.

## STATE v. SIBLEY.

(March 27, 1905.)

INDICTMENT—MOTION TO QUASH—MISTAKE.

1. It appears that through the merest oversight a bill of indictment found its way into court which was null. This oversight was committed in the grand jury room.

2. Because of the oversight, which may happen to the most careful officer, foreman of a jury, or grand jury itself, it was not the bill of indictment intended. The indictment was consequently null.

(Syllabus by the Court.)

Appeal from Eleventh Judicial District Court, Parish of Natchitoches; Charles Vernon Porter, Judge.

W. F. Sibley was indicted for shooting with intent to murder. From an order quashing the indictment, the state appeals. Affirmed.

Walter Guion, Atty. Gen., and William Augustus Wilkinson, Dist. Atty. (Lewis Guion, of counsel), for the State. Scarborough & Carver, for appellee.

BREAUX, C. J. The state of Louisiana is appellant from a judgment of the district court sustaining a motion to quash the indictment and setting it aside as null.

The defendant was indicted for shooting with intent to kill and murder.

The grounds of the motion to quash, sustained by the learned judge of the district court, in substance, were that an error had been committed by the prosecuting officer. Quoting from the motion:

"The bill was never read to the grand jury after having been prepared, and the indorsement on the indictment was such that it was signed by the foreman without having noticed that the bill was drawn for a crime for which they had not indicted defendant, and that this discovery was only made after the bill was returned and filed into court."

The motion was tried on an agreed statement of facts, which shows that the "grand

jury voted to indict for shooting with intent to kill," and not for shooting with intent to murder. It was also admitted by the prosecuting officer that the foreman and members of the grand jury, if permitted to testify, "would testify that the indictment was for shooting with intent to kill, and not with intent to murder."

The question is brought before us by a bill of exception reserved by the district attorney to the court's ruling sustaining the motion to quash and setting aside the indictment. The ground of the bill was that members of the grand jury cannot be heard as witnesses to impeach their own finding.

We are not inclined to enlarge the scope of the admissibility of testimony regarding proceedings before the grand jury. In very exceptional instances such testimony has been admitted, and, while we are not inclined to go as far in that direction as some courts in other jurisdictions have gone, we none the less recognize that there are instances arising rendering it right and just that testimony of certain facts should be heard.

To support our view, we cite decisions upon the subject, without approving the entire extent to which they have gone in this matter, as it would open a field for controversy, which we do not think would be of any assistance in the proper administration of justice.

An indictment was quashed because found upon inadequate evidence to sustain it. People v. Gallup, 65 How. Prac. 117.

Very much in the same direction is Commonwealth v. Green (Pa.) 17 Atl. 878, 12 Am. St. Rep. 894.

These and other decisions cited by Bishop, 763, § 3, vol. 7 (New Criminal Procedure), we have referred to, and found that they, at least, support his text, to wit:

"If, in a matter not of record, or in one relating to some part of the record which the court can control and amend, there is a fact which renders the indictment void, the court may receive extrinsic evidence thereof, and, on

being satisfied with the proof, quash the indictment. For example, this is so where the grand jury renders its finding without evidence, or on illegal evidence, or where the foreman indorses it as a true bill without the concurrence of the necessary numbers of jurors, or where the grand jury is defectively constituted." Sec. 763.

Here, again, the reference is made for the purpose of the discussion as only illustrative, and without giving it our approval further than to sustain our view in the case before us for decision.

Our courts have not gone as far. They have deemed it proper to reasonably maintain the secrecy of the proceedings conducted before the grand jury. We approvingly refer to State v. Lewis, 38 La. Ann. 681; State v. Jones, 8 Rob. 618; State v. Comeau, 48 La. Ann. 249, 19 South. 130; State v. Richard, 50 La. Ann. 212, 23 South. 331.

While approvingly referring to the decisions just cited, we find it possible to hold that an indictment may be quashed if very manifest error has been committed. In the case before us an error was committed— an indictment was presented which was in substance different from that which the grand jury intended to present. No one denies the error. The whole jury is aware of this error. It is a fact no one for an instant challenges. The high character of the district attorney is ample authority for asserting that there was error committed.

Let us, for illustration, assume that it was the intention of the grand jury to find an indictment for a minor offense, but that instead of finding for this offense, owing to some oversight which may happen to any one, no matter how earnest and attentive, the indictment is presented for a different and for a graver offense; it will not be seriously contended that such an indictment, which owes its existence to the merest brutum fulmen—to an oversight growing out of absolute absent-mindedness—must remain, and run the gauntlet of the whole trial, only because the prosecuting officer, upon whom

secrecy is enjoined, as well as upon the members of the grand jury, should not be heard, must not be heard.

Errors to which all are subject who do anything at all should be corrected when they are evident and are timely brought to the attention of the court.

We deal with this question as presented to us. The district attorney might have corrected the oversight by entering a nolle prosequi quoad the charge of intent to murder, which was surplusage under the circumstances.

We have no hesitation in arriving at the conclusion before expressed, for it is yet time to repair the error without prejudice to the state.

Properly enough, an appeal was in order to correct error.

For reasons assigned, the judgment appealed from is affirmed.