BREAUX, C. J.
The defendant was indicted for murder, tried by a jury, and found guilty as charged without capital punishment, and sentenced to imprisonment for life in the penitentiary.
The grounds for his defense are set forth on appeal in several bills of exceptions, and in an assignment of errors, substantially on the same grounds as those stated in the bills of exceptions.
Taking up the points of the case in the order in which they were presented in the district court, we have before us the proposition whether the defendant can claim the right to support the testimony of a witness for the state by examining another witness to prove that the witness for the state had testified correctly about a dirk said to have been found where the deceased was lying on the floor. The inquiry was not allowed by the judge of the district court. The witness had been examined in chief by the state, and the fact that a dirk was found near the body of the deceased was elicited on cross-examination.
There had been no attempt made by the state to impeach the witness. The question which the defend.ant said was an attempt to impeach the witness consisted of an inquiry of the witness if he had not testified to the same fact in chief.
*198 The purpose was, as stated, to refresh ' his memory and nothing else, in order that he might correct his mistake if he had made a mistake.
In the court’s narrative, incorporated in the bill of exceptions, it is stated, quoting: “Had the witness denied ever having found a knife near the dead body, it would have been for the defense to have shown that he had so stated to the witness Murphy.” But he did not,' as we infer, deny having found the knife as stated. No attempt had been made by the state to discredit the witness. The question of the district attorney was not propounded on the part of defendant with the view of impeaching him. There was therefore no occasion to support his testimony. Corroboration on the part of defendant of testimony of the witness for the state would have been useless consumption of time. Such corroboration by defendant of an unimpeached witness for the state is not sanctioned by the well-settled rules of evidence. Wigmore, verbo “Testimonial Impeachment.”
The next ground of objection urged by ■defendant sets forth substantially that the prosecution was conducted by unsworn, private counsel, in the absence of the prosecuting officer.
The record informs us that after the impanelment of the jury and the examination ■of one of the witnesses for the state, the district attorney asked permission of the court to leave for a day or two for cause deemed satisfactory by the court. He said to the court, in the presence of defendant .and his counsel, that the prosecution would be conducted by attorneys employed who were then assisting him in the prosecution. They were attorneys of record. The defendant and his counsel did not object. On the contrary, the counsel consented, as we are informed by the following stated by the trial judge, which statement forms part of the bill of exceptions. The district attorney said, in asking permission to absent himself, that Judge G-. L. Dupré and Leon Haase, the attorneys before referred to, would act in his stead, and the court granted the leave of absence with the “consent of defendant’s counsel.”
True, the duties of prosecuting attorney are defined, and they are to be discharged by him. But there may arise occasions when special counsel may be substituted to act for him. Statute No. 74, p. 113, of 1886 provides for the appointment of an attorney to conduct the prosecution, when for any cause the district attorney is recused, necessarily absent, or sick. The statute makes provision sufficiently broad to authorize the appointment.
The change in the personnel of the prosecution in this case was not made strictly in accordance with the requirement of the act, and the failure would perhaps be fatal, were it not that it served the purpose of the defendant and his counsel to consent to the change made in the course of the trial, thinking perhaps, as stated by the district judge, that the prosecution would be less vigorous and thorough if conducted by other than the district attorney. He, at any rate, took the chances of an acquittal, and is now without ground of complaint.
The attorneys appointed were officers of the court. They acted under their oaths as attorneys.
The defendant, through counsel, urgently calls our attention to the fact that the assistant prosecuting attorneys had not been sworn.
We are of opinion, in view of the fact that there had been no objection made, as stated before, no bill of exceptions taken, that the error, if error it was, was not fatal. There is respectable authority for holding that the oath is not absolutely necessary. Eng. & Am. Enc. of Law, vol. 23, p. 279, No. 5.
The indictment had been found by the grand jury. All had been done needful to *200 the prosecution up .to the time that the district attorney left. The assistant attorneys could well continue in charge of the prosecution; the consent of defendant having been given.
This brings us to the' end of the grounds ably urged by learned counsel in behalf of his client. They have been carefully reviewed and considered. The defendant, as relates to the requirement of law, has no ground of. complaint. Another tribunal has dealt with the facts and found against the defendant. He cannot obtain relief here.
It only remains for us to affirm the verdict and judgment.
They are affirmed.