(60 South. 379.)

No. 19,336.

STATE v. BRITTON et al.

(Dec. 16, 1912. Rehearing Denied Jan. 6, 1913.)

*(Syllabus by the Court.)*

1. GRAND JURY (§ 41*)—EVIDENCE AS TO PROCEEDINGS.

Testimony concerning the grand jury, as to whether witnesses appeared before it to testify, must come from others than the members of the jury, the district attorney, and the officers of the court. 1 Wharton's Crim. Law, §§ 509, 512; 1 Bishop's Crim. Pro. § 874; State v. Lewis, 38 La. Ann. 680; State v. Comeau, 48 La. Ann. 250, 19 South. 130; State v. Richard, 50 La. Ann. 210, 23 South. 331; State v. Perioux, 107 La. 601, 31 South. 1016; 1 Greenleaf, par. 252.

[Ed. Note.—For other cases, see Grand Jury, Cent. Dig. §§ 86, 87; Dec. Dig. § 41.*]

2. GRAND JURY (§ 41*) — FINDING INDICTMENT—SUFFICIENCY OF EVIDENCE.

It is impracticable to receive testimony to show that a grand jury has acted upon insufficient evidence, or upon no evidence at all, for the reasons that the jurors themselves may inform one another of crimes committed, or they may examine written evidence, or come to their conclusions in other ways. Act No. 78 of 1869, pp. 76 and 77; R. S. § 2140.

[Ed. Note.—For other cases, see Grand Jury, Cent. Dig. §§ 86, 87; Dec. Dig. § 41.*]

3. INDICTMENT AND INFORMATION (§ 137*)— FINDING INDICTMENT—SUFFICIECY OF EVIDENCE.

There is no law which fixes the nature or quantum of the evidence upon which the grand jury may rest their conclusions. State v. Lewis, 38 La. Ann. 680.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 480–487; Dec. Dig. § 137.*]

4. DISTRICT AND PROSECUTING ATTORNEYS (§ 3*) — CONDUCT OF TRIAL — COUNSEL FOR PROSECUTION.

District attorneys, in their respective districts, are the proper officers designated by the Constitution as counsel for the state in criminal prosecutions. But the duties of these officers may be performed by others when the former are unable to act; and they may engage counsel to assist them in the discharge of their duties. Act No. 21, p. 62, 1872; Act No. 74, p. 113, 1886; State v. Smith, 107 La. 129, 31 South. 693, 1014; State v. Cato, 116 La. 195, 40 South. 633; State v. Labry, 120 La. 434, 45 South. 382; State ex rel. Marr v. Recorder, 48 La. Ann. 1369, 20 South. 892; 23 Am. & Eng. Ency. of Law, 279.

[Ed. Note.—For other cases, see District and Prosecuting Attorneys, Cent. Dig. §§ 10–17; Dec. Dig. § 3.*]

5. CRIMINAL LAW (§ 1152*)—APPEAL—DISCRETION OF COURT—QUALIFICATIONS OF JURORS.

A ruling of the trial judge on the qualifications of a juror who is being examined on his voir dire, and who becomes confused, and subsequently gives sufficient answers to the

questions when repeated, will not be disturbed. State v. Perioux, 107 La. 601, 31 South. 1016.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3053–3057; Dec. Dig. § 1152.*]

6. CRIMINAL LAW (§ 541*)—EVIDENCE—TESTIMONY AT PRELIMINARY HEARING.

In all criminal prosecutions the accused shall have the right to be confronted with the witnesses against him. And the testimony of an absent witness, taken on a preliminary trial, cannot be read in evidence on the trial of the case, unless the witness so testifying is shown to be dead, or absent from the state permanently, or after being subpœnaed fell sick by the way, or cannot be brought to court then or at a subsequent time, when the case may be fixed for trial. State v. Banks, 106 La. 480, 31 South. 53; State v. Wheat, 111 La. 860, 35 South. 955.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1231; Dec. Dig. § 541.*]

Appeal from Tenth Judicial District Court, Parish of Concordia; J. S. Boatner, Judge.

D. H. Britton, Jr., and another were convicted of murder, and appeal. Reversed and remanded.

Henriques & Otero, of New Orleans, Philip Hough, of Vidalia, and Chas. F. Engle, of Natchez, Miss., for appellants. R. G. Pleasant, Atty. Gen., and A. E. Green, Dist. Atty., and B. F. Young, Dist. Atty. pro tem., both of St. Joseph (Albin Provosty, F. C. Claiborne, and George R. Kearney, all of New Roads, and G. A. Gondron, of Donaldsonville, of counsel), for the State.

SOMMERVILLE, J. Defendants appeal from a verdict finding them guilty of murder without capital punishment, and sentence condemning them to hard labor in the penitentiary for life.

Bill of exceptions No. 1: This bill, taken to the ruling of the court refusing to grant a continuance of the trial of the motion to quash the indictment, appears to have been abandoned. It is without merit.

[1] No. 2: On the trial of the motion to quash the indictment on the ground that the grand jury acted in the finding of said indictment without proper and competent evidence, that the grand jury had not heard any evidence, and it had acted without authority of law, defendants called to the witness stand, for the purpose of proving these allegations, the district attorney, the clerk and his deputy, and the sheriff and his deputies. These witnesses were asked whether subpœnas had been issued for witnesses to appear before the grand jury in connection with this indictment, whether subpœnas had been served upon any witnesses, and whether any witnesses had appeared before the grand jury or not. Objection was made, on behalf of the state, and the objection was sustained.

[2] The rulings of the court were correct. It is a general rule, and one well settled, that testimony concerning the grand jury must come from others than the members of said jury. 1 Wharton, Criminal Law, §§ 509, 512; 1 Bishop's Crim. Pro. § 874; State v. Lewis, 38 La. Ann. 680; State v. Comeau, 48 La. Ann. 250, 19 South. 130; State v. Richard, 50 La. Ann. 210, 23 South. 331; State v. Perioux, 107 La. 601, 31 South. 1016. We refer to Greenleaf, vol. 1, par. 252, in support of the ruling of the trial judge that the rule is equally applicable to the prosecuting officers of the state. The rule, for the same reason, is applicable to other attachés of the court, with reference to the evidence sought, to the effect that the clerk had not issued, and the sheriff had not served, subpœnas upon witnesses to appear before the grand jury. With all effect given to such testimony, non constat there was not other testimony to sustain the bill. The presumption is there was, and testimony from the jury, or the district attorney, or the attachés of the court, cannot be admitted to show the contrary. It is made the duty of the members of the grand jury to inform the grand jury of violations of the criminal laws of the state, or of any crime

committed within the parish, which may have come to his personal knowledge, or of which he may have been informed; and it may well be that the grand jurors in this case acted upon information from one of their own number. Act 78 of 1869, pp. 76 and 77; R. S. § 2140. The trial judge adds to the bill of exceptions another and sufficient reason as follows:

[3] "I am of the opinion that the grand jury, being a part and parcel of the court, and being in the nature of accusers, have a right to indict upon any character or quantity of evidence within its discretion; and that it is not proper for an accused party on the trial of a motion to quash an indictment to inquire, on his own motion, the nature or character of any evidence upon which the grand jury has returned a true bill.

"The court takes judicial cognizance of the fact of quite a lengthy preliminary examination having been had in this case, and of such a character of evidence having been reduced to writing and presented to the grand jury for its consideration, which presumably actuated the grand jury, if such was the case, in the belief that it was not necessary to summon any witnesses."

[4] No. 2½: It appears in this bill that the district attorney was sick, and that a district attorney pro tempore had been appointed to represent him in the trial of this cause; that said district attorney pro tempore had taken his oath of office and was engaged in the trial of the cause, being assisted by private counsel; that the latter had not taken special oaths as district attorneys pro tempore; that no objection had been made to the appearance of the latter on the trial; that the district attorney pro tempore had obtained leave of the court to absent himself one day during the impaneling of the jury; and that, on the opening of court, defendants objected to further proceeding with the trial of the cause in the absence of the district attorney pro tempore; that said objection was overruled; that two more jurors were impaneled, and this bill of exceptions was reserved to the ruling of the court.

The Constitution and laws have made proper and sufficient provision for the institution, maintenance, and defense in the courts of the state of all actions, suits, writs, or other legal process instituted or to be instituted in behalf of or against the state, or in behalf of or against any officers of the state in their respective official capacities. District attorneys, in and for their respective districts, are the proper officers designated by the Constitution as counsel for the state in criminal prosecutions. The public have a right to their services in return for the compensation received by them; but the Legislature and the courts have long recognized the existence of conditions or circumstances which prevent the district attorneys from performing their full duties; and by Act 21, p. 62, of 1872, the Governor or the Attorney General, in case of necessity, is authorized to designate any attorney at law to assist the attorneys of the state; and by Act No. 74 of 1886, p. 113, the district judges, throughout the state, are authorized to appoint competent attorneys to represent the state in criminal and civil matters when, from any cause, the district attorney is recused, necessarily absent, or sick; and in the case of State v. Smith, 107 La. 129, 31 South. 693, 1014, we hold that after an attorney has been appointed by the court to represent the absent district attorney that said appointee may continue in the prosecution of the case to the end, although the district attorney had resumed full charge of the case. And in State v. Cato, 116 La. 195, 40 South. 633, where private counsel were engaged to assist the district attorney, who had not been sworn as a district attorney pro tempore, and where the district attorney had obtained leave of absence from the court, and objection was made on behalf of defendant to the further trial of the case during the absence of the district attorney,

we held that the assistant counsel were acting under their oaths as attorneys, and, as there had been no objection made to their so acting prior to that time, that the proceeding was regular, and that the assistant attorney could well continue in charge of the prosecution; the consent of defendant having been given. Again, in the case of State v. Labry, 120 La. 434, 45 South. 382, where private counsel had been left in charge of the prosecution during the absence of the district attorney, we say:

"We can only say here that the district attorney is a constitutional officer. While we readily understand that the absence of the district attorney gave rise to some concern, we do not think we should lay down a rule that would apply in cases of absence of that officer, and in case he leaves the prosecution in charge of his assistant."

The following rule is laid down in Am. & Eng. Ency. of Law, 23 vol. 279:

"An assistant or one chosen pro tempore can usually do whatever the regular prosecuting attorney is authorized to do, and his acts have the same validity as though done by the principal in person. Such an assistant, however, need not be sworn, and need not give bond. It is no objection to such assistants that they were employed on private account and paid for their services by parties personally interested in the issue of the action."

In State ex rel. Marr v. Recorder, 48 La. Ann. 1369, 20 South. 892, where the district attorney had employed and appointed an assistant to represent him in his absence from the recorders' courts, which courts are vested with criminal jurisdiction, we hold that the defendant's legal defense in a preliminary examination is not affected by the service of counsel who appears to assist the court in the preliminary examination. We further hold that the question as to whether the district attorney or one representing him at a preliminary examination is merely incidental, and that it cannot be raised by the defendant. So far as the record discloses, the question now presented is merely incidental.

Defendants do not show, or argue, that they have suffered, or have been deprived of any right guaranteed to them by the laws of the land, because of the absence of the district attorney pro tempore, or the presence of his assistants, during the trial of the cause, or by the ruling of the court.

We shall not disturb a ruling of the trial court, where it does not appear that the matter complained of might have worked a real injury to the party complaining. In the present case we fail to see where defendants have been injured by the proceedings thus far considered.

[5] No. 3: On the qualification of the juror Smith, who was afterwards challenged by defendants.

The examination of this witness on his voir dire is contained in the record, and, after a careful reading of the same, we have come to the conclusion that the finding of the district judge was correct, and that the juror was qualified to serve. The juror became confused on the examination by defendants' counsel and contradicted himself as to his ability to bring in a fair and impartial verdict. While testifying that he would require evidence on the part of the state before he would vote to convict defendants, he also testified that if no evidence whatever was offered, and the district attorney were to read the indictment to the jury, that he would find a verdict of guilty; but upon being questioned by the court, his answers show very conclusively that he was confused, and that his competency to serve as a juror was fully sustained. State v. Perioux, 107 La. 601, 31 South. 1016.

[6] No. 4: This bill is reserved to the ruling of the court admitting in evidence on the trial the testimony of an absent witness, which had been taken down in writing, contradictorily with defendants, at a preliminary hearing. The return made by the deputy sheriff on the subpoena which he was to have served on Mrs. Betty Roberts, the ab-

sent witness, reads as follows: "Who, after diligent search, could not be found in the parish or state of Louisiana." The deputy was put upon the witness stand, and he testified that he had looked around Ferriday and also Fish Pond; the latter being the place of Mrs. Roberts' residence at the time of the preliminary trial. He further testified that he did not know whether Mrs. Roberts had left the state or not, or whether she was in the parish of Concordia or not. He did not go to the home of her husband, from whom she appears to have been separated for three or four years, to make inquiry about her; and in answer to the question, "Why did you make the return that she had left the state?" he said, "I just supposed that she was gone; I couldn't find out." The district attorney testified that he had made inquiry about Mrs. Roberts, and that he had located her in Mississippi; that the brother of Mrs. Roberts had informed him that she was in Mississippi; and that "she would not (attend the trial), unless she could be made to;" that he did not inquire whether the witness had left the state of Louisiana permanently or not. Another witness testified that Mrs. Roberts had told him that she intended to go to Mississippi, and that he had seen her belongings going to the steamboat landing, in the direction of the boat.

It thus appears that on the preliminary trial of defendants they (the defendants) had the witness Mrs. Roberts "face to face," and had the opportunity to cross-examine her; but the Constitution gives to defendants the right to be confronted with witnesses against them throughout the entire trial, unless the witness who had been examined on a former trial be dead, or was the same as dead to the party who is to use him as a witness. In the case of State v. Harvey, 28 La. Ann. 105, we say that the rule of the common law is to the effect—

"that if due diligence is used, and it is made manifest that the witness is gone and cannot be found, or if it be proved that he was subpœnaed and fell sick by the way, his depositions may be read; for in such case he is in the same circumstances, as to the party who is to use him, as if he were dead."

And in that case we hold that "it was proved that the witness was absent and could not be found," and that the written testimony of the witness was properly received in evidence. That judgment is affirmed in State v. Granville, 34 La. Ann. 1088. In the latter case we hold that the evidence shows that the absent witness, who had testified on the preliminary trial, had left the parish and could not be found, and that he was lying sick in a hospital in New Orleans, and that the reception of the testimony on the trial of the case was sustained by the authority of State v. Harvey. But in the case of State v. Banks, 106 La. 480, 31 South. 53, we hold that where the prosecution has shown that a witness was absent, but not permanently absent, from the state, that the testimony of said witness on a preliminary examination was inadmissible until the absence of the witness had been shown to be permanent. The testimony in the case before us is not sufficient to show the absence of the witness from the state, or even from the parish, when the trial was being had, and we are constrained to now hold that the evidence of Mrs. Roberts taken on the preliminary hearing was improperly admitted on the trial of this cause.

In the case of State v. Wheat, 111 La. 860, 35 South. 955, we undertake to therein harmonize our judgments in State v. Harvey, 28 La. Ann. 106, and State v. Granville, 34 La. Ann. 1088, with the facts presented in that cause; but a rehearing was granted therein, and we adhered to the ruling that the state must have all the witnesses present in court, so as to give the defense an opportunity for cross-examination in the presence of a jury, where the absence of the witness is not shown to be due to causes laid

down in the common law; that the sickness of a witness is not one of these causes; and that it was within the province of the state to have the case continued, because of the absence of material witnesses, to a future term of the court. In that case the district attorney had first applied for a continuance, declaring that the presence of the witness could be procured at the next term, but afterwards withdrew his motion for continuance and proceeded with the trial, expecting to read the depositions of the absent witness on the trial of the cause.

This record does not show that the absent witness might have been procured at the next term of court; but there is no evidence whatever going to show that her presence could not have been procured. It is impossible, after reading the evidence, to determine where Mrs. Roberts was at the time of the trial of the cause. She might have been in Concordia parish, or in some other place in the state, and she might have been reached by process of the court, or she might have been temporarily out of the state.

The depositions of Mrs. Roberts, taken on the preliminary examination, were improperly read to the jury; and the judgment will be reversed.

The record contains 17 additional bills of exceptions; but it becomes unnecessary to consider all of these, for the reason that we are forced to set aside the judgment appealed from because of our conclusion that certain evidence was improperly admitted on the trial of the cause, and that defendants were thereby deprived of their constitutional right to be confronted with the witness against them.

It is therefore ordered, adjudged, and decreed that the judgment herein is reversed, the sentence of the court and the verdict are set aside, and the case is remanded to be proceeded with in accordance with law.

PROVOSTY, J., takes no part.