(86 South. 826)

No. 24042.

STATE v. CASANAVE.

In re CASANAVE.

(June 30, 1920. On Rehearing, Jan. 3, 1921.)

*(Syllabus by Editorial Staff.)*

On Rehearing.

1. **Grand jury** ⬉5—**Statutory qualification of well-known good character and standing should be applied.**

The provision of Jury Law, § 1, that a grand juror shall be "a person of well-known good character and standing in the community," while somewhat indefinite and relative in each case, must be enforced and applied as far as practicable.

2. **Indictment and information** ⬉140(2)— **Mandamus** ⬉61—**Defendant entitled to compel hearing of testimony upon motion to quash for disqualification of grand jurors.**

Where defendant in a criminal action moved to quash the indictment because a named grand juror was openly managing an illegal gambling game, and another was notorious for permitting cock fights in his barn and betting on them, and were not qualified under Jury Law, § 1, he was entitled to have evidence heard on the motion, and upon the court's refusal to have the matter reviewed if necessary by writ of mandamus.

O'Niell, J., dissenting.

Julian Casanave was indicted for conducting a banking game in which money was bet; his motion to quash the indictment for disqualification of grand jurors was overruled, and he applies for writs of certiorari, prohibition, and mandamus to compel the judge to hear evidence in support of his motion. Peremptory writ ordered on rehearing.

Woodville & Woodville, of New Orleans, for applicant.

O'NIELL, J. Relator was indicted by the grand jury on a charge of keeping a banking house, and conducting a banking game in which money was bet. When called for arraignment, he filed a motion to quash the indictment on the ground that two members of the grand jury were not men of well-known good character and standing, and were therefore not qualified to serve as grand jurors. He alleged specifically that one of them, whom he named, had been and was then openly and notoriously managing and assisting in the management of an illegal gambling game in the parish, and that another, whom he named, was notorious for permitting cock fights in his barn on Sundays, and for attending the fights and betting on them. The district judge, taking the view that the motion did not disclose a cause for which the indictment could legally be quashed, refused to hear evidence in support of the allegations, and overruled the motion.

Relator seeks by mandamus to compel the judge to hear evidence in support of his motion to quash the indictment.

Our opinion is that the ruling that the allegations of the motion did not disclose a cause for which the indictment could legally be quashed was correct. If the qualifications of a member of the grand jury could be questioned in that collateral way, so might the qualifications of the judge or of any other officer of the court. The members of the grand jury, having been formally drawn and sworn, are at least de facto officers of the court.

It is true the statute requires that every member of the grand jury shall "be a person of well-known good character and standing in the community." Section 1 of Act 135 of 1898, p. 217. But that is not a well-defined qualification, like citizenship, freedom from interdiction, etc. A person's good character or standing in his community is largely a matter of individual opinion, depending upon each individual's idea or standard of good character and morals. When the jury commissioners and the judge have passed favorably upon a person's having a sufficiently good character and standing to serve as a

grand juror, and he has been regularly drawn and sworn as such, his qualification in that respect is not subject to collateral attack. To hold otherwise would subject the moral character and standing of every member of every grand jury to trial without notice or opportunity to be heard; and it would hamper beyond tolerance the administration of justice.

The rule issued herein is recalled, and the relief prayed for by the relator is denied.

DAWKINS, J., dissents.

## On Rehearing.

DAWKINS, J. Section 1 of Act No. 135 of 1898 (known as the Jury Law) reads as follows:

"Section 1. Be it enacted by the General Assembly of the State of Louisiana, that the qualifications of a juror to serve in any of the courts of this state shall be as follows:

"To be a citizen of the United States and of this state a bona fide male resident of the parish in and for which the court is holden, for one year next preceding such service not under interdiction or charged with any crime or offense nor convicted at any time of any crime or offense punishable by hard labor, unless he has been pardoned, and to be a competent and intelligent person of full age having capacity to serve as a juror, to try and determine both civil and criminal cases, provided that there shall be no distinction made on account of race, color or previous condition; and provided further, that the judges of the district courts shall have discretion to decide upon the competency of jurors in particular cases where from physical infirmity or from relationship or from ignorance· of the English language and inability to understand the same when read or spoken, or other causes, the person may be, in the·opinion of the judge, incompetent to sit upon the trial of any particular case. *In addition to the foregoing qualifications, a grand juror shall be able to read and write the English language and be a person of well-known good character and standing in the community.*"

It will be seen from the portion of the section thus italicized, that the Legislature thought proper to require a higher degree of competency for grand than for petit jurors; and, while the former must possess all of the qualifications of the latter, they must also, "in addition" thereto, meet the requirements of the last sentence of this section, i. e., "be able to read and write the English language and be a person of well-known good character and standing in the community."

[1] The importance of this provision is emphasized by the fact that it did not appear in the Act No. 99 of 1896, but was added to the present jury law, after the·adoption of the Constitution of 1898. We can see no reason for holding that it was intended to make one qualification any more imperative than another, when the language used by the lawmaker appears to be equally as mandatory in the one case as in the other, for in each instance the word "shall" precedes each requirement. It is true that the expression "a person of well-known good character and standing in the community" is somewhat indefinite and relative in each case, yet this is no reason why the courts should refuse to enforce or apply it as far as practicable.

[2] We do not think that the mere allegation in a motion to quash that a grand juror is not a person of well-known good character and standing in the community, in the absence of specific charges as to the disqualifying matter, would be such as the courts should entertain; but where, as in the present case, the particular acts or habits of immoral or illegal conduct, rendering the juror unfit, are set out ·before issue joined, we think it is the duty of the court to hear and determine the question and in the event of an adverse decision thereof, the accused may, if convicted, bring that ruling before us for review, just as any other issue. The right to urge any legal disqualification, before pleading to the charge has been uniformly sustained. State v. Nolan, 8 Rob. 513; State v. Jones, 8 Rob. 616; State v. Parks, 21 La. Ann. 251; State v. Rowland,

36 La. Ann. 193; State v. Griffen, 38 La. Ann. 502; State v. Causey, 43 La. Ann. 897, 9 South. 900; State v. Thibodeaux, 48 La. Ann. 601, 19 South. 680; State v. McClendon, 118 La. 792, 43 South. 417; also Wharton's Crim. Pro. (10th Ed. by Kerr) vol. 2, p. 1737, § 1277, par. (b).

It has been suggested that the Legislature would hardly have required that a juror, to be qualified, should not be charged with or convicted of any crime, or, if convicted, that he be pardoned, if it had been intended to further disqualify him because of his having committed some act or offense which might support a criminal charge or because of conduct of a merely immoral nature. However, a close reading of the section of the law under consideration discloses, as above pointed out, that the requirements first mentioned apply to both grand and petit jurors, and the latter apply only to grand jurors. It might well be that a man who had served a term in the penitentiary, afterwards pardoned, would possess all of the qualifications of a competent petit juror, yet, he might be, for this reason alone, held not to be a competent grand juror; for we take it that no one who had recently been discharged from the penitentiary, though pardoned, could be said to be a person of well-known good character and standing in the community. He might, however, after a proper period, having lived an honorable and upright life, reacquire those qualifications of virtue which the Legislature thought proper to exact of those who are to compose grand juries.

On further consideration we are of the opinion that the nature of the charges against the grand jurors, made in the motion to quash, are such that they should be tried and determined by the lower court.

For the reasons assigned, our former decree is set aside, and it is now ordered and decreed that a peremptory writ of mandamus do issue to the lower court, commanding and directing it to try and determine the motion to quash the indictment in this case according to law and the views herein expressed.

O'NIELL, J., dissents.