(90 South. 107)

No. 24729.

STATE v. CASANAVE.

In re CASANAVE.

(Oct. 31, 1921.)

*(Syllabus by Editorial Staff.)*

1. **Indictment and information** ⬅➡140(1)— **Hearing on motion could not be held without notice required by rule of court unless party appeared.**

   Where a rule of the district court provided for notice by mail to the litigants or their counsel of the fixing of motions for trial, each party to a cause had the right to rely upon its being given, and where notice of the fixing of motions to quash the indictment for trial was not given to defendant, the trial could not be legally proceeded with unless he appeared prepared for trial.

2. **Criminal law** ⬅➡1081½—**Mandamus** ⬅➡ 164(2)—**Prohibition** ⬅➡26—**Statement in response to rule that notice was issued and served held a conclusion.**

   A statement of the district judge, in his response to a rule to show cause why writs of prohibition, certiorari and mandamus should not be issued, that notice of the setting for trial of motions to quash the indictments was issued as required by the rules of court, and properly served, was but a conclusion where the record contained neither a copy of such notice nor of any return showing the manner of service, as it was not a matter within the judge's personal knowledge.

   Dawkins, J., dissenting.

   Criminal prosecutions by the State against Julian Casanave. Motions to quash the indictments were overruled, and defendant applies for writs of prohibition, certiorari, and mandamus. Judgment annulled and set aside, and judge ordered to proceed to try such motions.

   Woodville & Woodville, of New Orleans, for relator.

   Philip R. Livaudais, Dist. Atty., of New Orleans, for respondent.

OVERTON, J. There are three bills of indictment pending against relator in the Twenty-ninth judicial district court for the parish of St. Bernard, one charging him with conducting a banking game, another charging him with permitting the game of craps upon his premises, and the third charging him with soliciting for a prostitute. He filed motions to quash each of these indictments. The district court, however, refused to hear evidence on the motions, and overruled them as insufficient in law. The relator then applied to this court for remedial writs in one of the cases, and entered into an agreement as to the remaining two with the district attorney, to the effect that the result of the application made to this court should determine those two also. The relator was successful in his application for the writs, for a decree was entered ordering the lower court to hear the evidence. State v. Casanave (No. 24042) 148 La. 323, 86 South. 826.

After the mandate of this court in the above-mentioned case had been received by the lower court, the motions to quash were fixed for trial June 7, 1921. On the day fixed, neither relator nor his counsel appeared. The court, however, upon motion of the district attorney, proceeded to hear the motions in the absence of relator, and overruled them, and fixed the cases for trial for June 21st. Relator, upon learning of the ruling of the court upon his motions to quash, applied to this court for writs of certiorari, prohibition, and mandamus directed to the judge of the lower court. In this application he alleges that:

"Without any notice of any kind or character to relator the said Leander H. Perez set the three causes to be heard on Tuesday, June 7, 1921, on the motion to quash the said array of the grand jury."

"Relator further avers that he was not present in court on the said day and date, having never received any notice or intimation of any kind or character that the said causes had been fixed for trial for said date."

"That, in spite of the fact that it appears from the records in said proceeding that relator had no notice of the fixing of the said causes for trial, the said Hon. Leander H. Perez, in the absence of relator and in the absence of his counsel, without a hearing, peremptorily overruled the said motion to quash the array of the grand jury."

The district judge, in response to the rule to show cause why the writs should not issue, avers that on May 25th the cases were fixed for June 7th; that the clerk of court issued the necessary notices, as required by the rules of court, and that on the day fixed neither relator nor his counsel was present, and hence, upon the suggestion of the district attorney, he disposed of the motions by overruling them, and then, fixed the cases for trial upon the merits.

The record does not contain a copy of a notice mailed or served upon relator, or his counsel, informing either, in advance, of the date fixed for the hearing of the motions to quash, nor a copy of the return on such notice. The trial judge, in his written reasons for judgment, states that relator and his counsel were given at least two weeks' notice by the clerk of court. The minutes of court contain the following statement relative to notice:

"On motion of Philip R. Livaudais, Esq., Dist. Atty., and upon suggesting to the court that Warren Woodville, of counsel for the accused, *although notified by the clerk of this court of the fixing of these two cases for trial this day*, is absent, and that the accused is also absent, it is ordered that the motion to quash herein heretofore filed be and the same is overruled." (Italics ours.)

The minute entry in the third case is substantially the same as the foregoing. There are copies of notices in the record relative to other fixings for trial in these cases, but none in respect to this.

Opinion.

[1] While the record does not contain a copy of the rule of court relative to the fixing of motions and cases, yet we gather from the answer of the respondent and from the minute entries that there is a rule of court requiring the giving of notice to the litigants, or their counsel, of the fixing of motions for trial. We also gather from the same sources that this rule directs that the notice be given by mail. Therefore, in view of the requirement as to notice, each party to the cause has a right to rely upon its being given. In the event of a failure to give it, unless the party entitled to it should appear prepared for trial, the trial cannot be proceeded with legally. To do so would deprive the party of the right to be heard, which it is the very purpose of the notice to secure.

[2] In this case the relator specifically denies, under oath, that notice of any description was given him, and, as we have seen, the record contains neither a copy of such notice nor of any return thereon showing the manner of service. It is true the trial judge states that notice was issued by the clerk of court, and was served as required; but this is a matter not within the personal knowledge of the judge, and is manifestly his own conclusion. We find nothing upon which the conclusion as to notice reached by him can be based. We therefore feel constrained to hold that no notice was given relator.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment of the lower court overruling the said motions to quash, in each of said three cases, be annulled, vacated, and set aside, and that the judge of said court proceed to fix and try them according to law, and the views herein expressed.

DAWKINS, J., dissents.