**(90 South. 108)**

**No. 24728.**

**STATE v. ST. GERMAIN.**

**In re ST. GERMAIN.**

(Oct. 31, 1921.)

*(Syllabus by Editorial Staff.)*

Criminal law ⬤⟳641(2)—Indictment and information ⬤⟳140(1)—Hearing of motion to quash in absence of counsel and without notice required by rules held error.

Where defendant and his counsel received no notice of the fixing of his motion to quash the indictment for trial, to which he was entitled under the rules of court, the hearing of such motion over his objection, in the absence of his counsel, was error, though by mere chance defendant was personally present in the courtyard and taken into court by the sheriff.

Dawkins, J., dissenting.

Criminal prosecution by the State against Louis St. Germain. A motion to quash the indictment was overruled, and defendant applies for writs of certiorari, mandamus, and prohibition. Judgment annulled and set aside, and judge ordered to proceed to try such motion.

Woodville & Woodville, of New Orleans, for relator.

Philip S. Livaudais, Dist. Atty., of New Orleans, for respondent.

OVERTON, J. This case, in all essential particulars, is identical with that of the State of Louisiana v. Julian Casanave (No. 24729) ante, p. 715, 90 South. 107, this day decided, with the following differences only:

The charge pending against relator is different; and, immediately before the motion to quash was taken up to be disposed of, the sheriff went into the courtyard, where relator happened to be, and took him into court.

Relator avers that he was in the courtyard by mere chance, having gone there to take a friend to court; that he had no knowledge that the case would be taken up that day; that, when he appeared in court, the judge, without affording him an opportunity to communicate with his counsel, or to offer evidence in support of his motion, overruled it. The respondent judge, in his return, makes no mention of the presence of relator in court, but files an answer similar to that filed in the Casanave Case above mentioned.

Relator avers that he received no notice of the fixing of his motion for trial. We gather from the record that he was entitled to at least two days' notice, to be mailed him. There is no copy of such notice, nor return thereon, in the record. As relator seems to have objected to going to trial, under the circumstances, and, as he was entitled to the notice prescribed by the rules of court, the motion to quash should not have been taken up for trial then.

As this case, in all other respects, is similar to the case of the State of Louisiana v. Julian Casanave, No. 24729 of the docket of this court, therefore:

For the reasons here assigned, and for those assigned in the Casanave Case, it is ordered, adjudged, and decreed that the judgment of the lower court, overruling said motion to quash, be annulled, vacated, and set aside, and that the judge of said court proceed to fix and try said motion according to law, and the views herein expressed.

DAWKINS, J., dissents.