HAMITER, Justice.
John Lewis was charged in a bill of information with the crime of engaging in and instituting a telephone call and telephone conversation with Mrs. Barbara Richard, and therein using “obscene, vulgar, lewd and sexually indecent language in violation of LRS 14:285.”
Defense counsel moved for a preliminary Rearing which was granted. Following .such hearing the court ruled that there was probable cause for the charge.
Thereafter, the accused was tried and convicted, and he was sentenced to serve two years in the parish jail, with credit for •time already served. Also he was sentenced to pay a fine of $5000, in default of payment of which he was to serve an additional year in said jail.
Defendant is appealing from the conviction and sentence, and he relies on five bills of exceptions reserved during the proceedings in the district court.
Originally the information had charged that the accused did “engage in or institute a telephone call and telephone conversation * * * ”, and used the mentioned language. The defendant filed a motion to quash; and, following a hearing on the motion, the state amended the information to read (as above stated) that the accused “engaged in and instituted” the said telephone call and conversation. Whereupon, defense counsel objected and orally moved for a continuance. This was denied, as well as was the motion to quash. At such time he reserved bill No. 2 to the court’s overruling the motion to quash, and also bill of exceptions No. 3 to the refusal of a continuance.
In his motion to quash the defendant asserted that the bill of information “sets forth no offense denounced by law, but merely sets out a conclusion of law”; that it fails to inform him of the nature and cause of the accusation as required by Article I, Section 10 of the Louisiana Constitution and the Fourteenth Amendment of the United States Constitution; and that it is too vague and indefinite to serve as a basis to permit the defendant to prepare his defense.
The thrust of the defendant’s argument on bill of exceptions No. 2, as is indicated by his discussion of it in his brief and oral *235 argument to this court, is that the information is insufficient because it does not set forth the facts on which it is based in that it does not specify the precise language allegedly used by him. He urges that although the language of the information tracks the language of the statute it is of such vague and indefinite meaning that it fails to fully apprise him of the crime with which he is charged.
We do not agree. In State v. Hertzog, 241 La. 783, 131 So.2d 788, wherein we considered the constitutionality of LRS 14:285, we held that some of the various descriptive words used in the statute, if standing alone, might be of general connotation and susceptible of more than one meaning; but when used together and in context as they appear in the legislation they take on a “restricted”, “definite” and “readily understandable meaning”.
Also, we think that the issue passed on, in State v. Prejean, 216 La. 1072, 45 So.2d 627, although the case dealt with a different statute, is analogous to that now presented and that our decision therein is controlling of the one here.
In the Prejean case the accused was charged with the violation of Article 81 of the Criminal Code (now LRS 14:81). That article denounced the crime of indecent behavior with juveniles as “the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, * * The bill of information recited merely that the defendant had committed “a lewd and lascivious act upon the person of” the named juvenile. In a motion to quash tire defendant made the same argument as is made by the accused here, which was that “ * * * the very nature of the crime is such that an accused in order to be guilty must have committed some act upon the person or in the presence of a child under the age of 17 years; that therefore the act necessary to constitute the crime is of 'necessity the very essence of the crime, and that, if the bill of information does not specify the act which the accused has committed, it is fatally defective.” We rejected this contention, making the following observations which we think are equally applicable to the instant case: “ * * * The bill of information in the instant case charges the offense as having been committed upon the person of the juvenile and is in the language of the statute. As a general rule, an indictment or information in the language of the statute is sufficient, but an exception is made where the statute defines the crime in such general terms that the accused is not apprised in an indictment couched in its language of the nature and cause of the accusation against him, to the end that he may prepare his defense and plead the judgment as a bar to any subsequent prosecution for the same offense. This principle of law is *237 so well established that no citation of authority is necessary.
“ * * *
“The words ‘lewd’ and ‘lascivious’ found in the statute are not vague and indefinite. ■On the contrary, they have a well defined, well understood, and generally accepted meaning, and by their use an accused is informed of the nature of the act he is alleged to have committed. The word ‘lewd’ means lustful, indecent, lascivious, and signifies ■that form of immorality which has relation to sexual impurity or incontinence carried on in a wanton manner. The word ‘lascivious’ means tending to excite, lust, lewd, indecent, obscene, relating to sexual impurity, tending to deprave the morals in ■respect to sexual relations. * * *
“Upon analysis it is obvious that defend.ant’s real complaint is that the bill of information in the instant case does not set forth the nature of the evidence by which the State expects to prove the charge.
“Such crimes as murder, manslaughter, .and negligent homicide, for instance, may be committed in many different ways and by many different acts. In an indictment •charging any of these offenses it is not -necessary to set forth the particular acts •constituting the elements of the crime, and -there is no sound reason why an informa-tion couched in the language of Article 81 •of the Criminal Code should not be similarly -.regarded.”
Again, in State v. Roth, 226 La. 1, 74 So.2d 392, State v. Esposito, 226 La. 114, 75 So.2d 27, State v. Roufa, 241 La. 474, 129 So.2d 743 and State v. Henry, 250 La. 682, 198 So.2d 889, this court said that such words as used in LRS 14:106(2), which denounces the exhibition, sale, possession with intent to sell, etc., of “lewd, lascivious, filthy, or sexually indecent” prints, pictures, written compositions, etc., have a “well defined and a common accepted meaning and are not vague”; and that charges couched in such language were not objectionable as being too vague and indefinite.
In the Henry case, supra, we particularly rejected the contention of the accused that the bill of information, to be sufficient, must set forth the names of the allegedly sexually indecent magazines, books, etc. (We are aware that the conviction of the accused in the Henry case was set aside by the Supreme Court of the United States, but it was not because of our ruling on the sufficiency of the information. The federal court, in line with its recent decisions, held that such sale and distribution could not be prohibited by the states. See Henry v. Louisiana, 392 U.S. 655, 88 S.Ct. 2274, 20 L.Ed.2d 1343.)
The data desired herein by the defendant could have been obtained by a motion for a bill of particulars, as was done in State v. Prejean, supra. Of course, it is true that the defendant did not ask for a bill of particulars; but the record reflects, neverthe *239 less, that such information was obtained by him at the preliminary hearing, during which the prosecuting witness testified some two months prior to the date of the trial.
We are of the opinion, therefore, that the trial court did not err in overruling the motion to quash the information.
We likewise find no merit in bill of exceptions No. 3 taken to the court’s overruling of the accused’s motion for a continuance. The motion was an oral one, not permitted by Article 707 of the Code of Criminal Procedure. That article provides that an application for a continuance shall be by written motion alleging specifically the grounds upon which it is based, and that it must be verified by an affidavit of defendant or that of his counsel. Consequently, there being no formal application for a continuance, nothing is presented for us to review. State v. Patterson, 176 La. 1013, 147 So. 62, State v. Washington, 220 La. 963, 58 So.2d 195 and State v. Jones, 233 La. 775, 98 So.2d 185.
Besides, we fail to see, and defendant does not specify, just how he was prejudiced by the refusal to grant a continuance merely because of substituting the word “and” for “or” in the information. Such amendment made the charge more restrictive and required that the state show that the defendant both “instituted” and “engaged in” the alleged telephone call. Particularly is there no prejudice shown, when defense counsel, in this court, said that he-thought originally that the conjunctive-phrase was what the state intended.
In numerous cases we have recognized the rule set forth in Article 712 of the Code of Criminal Procedure (formerly LRS 15 :- 320) that the granting of continuance is-within the sound discretion of the trial' judge. We do not believe that he abused' such discretion in overruling the motion for a continuance herein.
During the course of the trial the state was attempting to introduce into evidence a “punch card” which was produced by a mechanical device known as a “trap”' placed by the telephone company on the telephone line of the victim, Mrs. Barbara. Richard, to determine the origin of calls: coming into her telephone. The card indicated that a call had been placed from a pay telephone at a certain location where the accused was seen telephoning just prior to his arrest. The basis of the objection (as. shown by the record) was that it had not been established at what time the call indicated by the punch card had been made and that, therefore, the data sought to be introduced was irrelevant. The objection was overruled, and bill of exceptions No. 4 reserved. In so ruling the court observed: “Your objection is overruled. I’m not ruling at this time with regard to what this item proves, but I do rule that it is. *241 admissible evidence. If the State can tie it in, fine, and if they cannot, well they ■cannot, but that’s a matter for argument. But it is admissible evidence.” Ultimately, the witness, who had installed the “trap” ■and obtained the card, established a time period during which the call was made.
There was no error in the court’s ruling.
Bill of exceptions No. 6 was taken to the court’s overruling a motion in arrest of judgment. It is based on the same ground as the motion to quash, and hence it requires no further discussion.
Bill of exceptions No. 7 was reserved to the court’s overruling the motion for a new trial. While such motion is not discussed in the defendant’s brief to this court, it was mentioned therein. And on the oral argument of the case defense counsel referred to it and asserted that there was no evidence to support the conviction. We have, therefore, considered the motion and find it sets forth the various alleged errors contained in the foregoing bills; it recites that the verdict is contrary to the law and the evidence; and it states that the testimony of the prosecuting witness as to the alleged language used was not corroborated by any other witness.
We do not believe that the motion for a new trial sets forth that there was no evidence to support the conviction. Nevertheless, we have examined the entire transcript and we find that the reasons given by the trial judge for denying a new trial are borne out by the record. They are as follows: “ * * * Unquestionably the State’s case must exclude every reasonable hypothesis of innocence, but here the evidence was clear and convincing. If the testimony of any one of the State’s principal witnesses was omitted there would be an area for reasonable doubt, but here there is no room for doubt. Briefly, the [telephone] calls had been received at regular intervals by Mrs. Richard; she had suspicions about John Alvin Lewis; the telephone company had informed the Sheriff’s office that most of the calls were coming from the pay booths at More Mileage Station; Mrs. Richard had asked the caller to call her back on Monday morning, October 23, 1967; all calls came about 7:15 A.M.; she had notified the Sheriff’s office and the Sheriff’s office had made arrangements with the telephone company to induce trouble in the line and put the punch card machine on it; Mr. Moore had checked the punch cards at 5 :00 P.M. on the day before and again at 8:00 A.M. on October 23, 1967; this was the only card from the More Mileage pay station or any pay station to the Richard residence at the critical time and defendant was the person observed using the More Mileage pay station telephone; he was picked up, Mrs. Richard was called and she had just received the obscene call.”
*243 Clearly from the evidence in the record the district judge could conclude that the defendant was the person who made the call. The sufficiency of it was a question of fact for such judge to determine and is not reviewable by us on appeal.
For the reasons assigned the conviction and sentence are affirmed.