BARHAM, Justice.
 

 The defendant was tried and convicted under a bill of information charging simple burglary and sentenced to serve nine years in the state penitentiary.. From this conviction and sentence he has appealed.
 

 
 *620
 
 The bill of information originally charged: “ * * * He committed simple burglary of the store building belonging to W. W. Jett. * * * ” Prior to trial it was amended to read: “ * * * He committed simple burglary of the store building belonging to Marion H. Dover, in which was operated a mercantile business known as Florien Mercantile Company, owned by W. W. Jett. * * * ” The first bill of exception was reserved when the court overruled an objection to this amendment on the ground that it was a change in substance and came too late. Bill of Exception No. 1 has no merit. The trial court has completely and succinctly answered the defendant’s bill of exception:
 

 “The State, through the District Attorney,
 
 prior to commencement
 
 of the selection of the jury that was impanelled and sworn to try the case, moved that the bill of information herein be amended, which amendment was permitted and ordered
 
 before the commencement
 
 of the selection of the jury that was impanelled. Whether the amendment be in substance or otherwise, such an amendment is permitted prior to beginning of trial. Article 487, La.C. Cr.P.
 

 “A jury trial commences when the first prospective juror is called for examination. Article 761, La.C.Cr.P.”
 

 To the overruling of defendant’s, motion for a continuance on the ground that he was not prepared to defend under the bill of information as amended, the second bill of exception was reserved. No-showing is made that the defendant was. taken by surprise or prejudiced in presenting any defense. To the contrary, the transcript attached to this bill verifies that counsel for defendant had prior knowledge-of the true ownership of the building.
 
 [1]
 
 The defendant failed to make the required showing for a continuance under Code of Criminal Procedure Article 489, and the-trial judge’s refusal to grant the continuance was a correct ruling.
 

 Bills of Exception Nos. 3 and 4 were reserved when the State over the defendant’s objection was permitted to introduce certain physical evidence, seven pairs of pants. The objection on which Bill No. 3 is based is “ * * * that the evidence had not been properly identified”' and that “ * * * the chain of custody * * * had not been established”. The defendant has failed to attach any testimony to his bill, but the trial judge’s per
 
 *622
 
 curiam fully establishes that the proper identification was made and that the chain of custody necessary for the admission of the evidence was proven.
 

 The final bill of exception was reserved to the following ruling:
 

 “MR. DAVIS: At this time, Your Honor, I would move to suppress the evidence, the clothing that has been admitted as well as the testimony of Officer Adams on the ground that the clothing was obtained in violation of the defendant’s constitutional guarantee from illegal searches, with no search warrant.
 

 “THE COURT: The motion is overruled.”
 

 Initially, we are doubtful that an •oral motion to suppress made during the trial effectively presents anything for the trial court’s consideration.
 
 [2]
 
 Even if an oral motion were allowed, the defendant did not contend in this motion that before trial he had no opportunity to file a motion to suppress or had no knowledge of the grounds for the motion. A simple objection of counsel may
 
 not be the
 
 basis of an attack upon the constitutionality of a search or seizure. State v. Davidson, 248 La. 161, 177 So.2d 273; Segurola v. United States, 275 U.S. 106, 48 S.Ct. 77, 72 L.Ed 186; Nardone v. United States, 308 U.S. 338, 60 S.Ct.
 
 266,
 
 84 L.Ed. 307; United States v. Sheba Bracelets, Inc., 248 F.2d 134 (C.C.A. 2 1957), cert. den. 355 U.S. 904, 78 S.Ct. 330, 2 L.Ed.2d 259. However, since the trial court apparently considered the motion to suppress and overruled it, and has given us the benefit of the facts upon which it predicated its ruling, we quickly conclude that even if the motion had been timely and legally filed, it was without merit.
 

 The conviction and sentence are affirmed.
 

 [1]
 

 . The district attorney stated that on the previous day in the severed trial of this defendant’s brother for the same offense the State learned the true ownership of the building. The court’s interrogation of counsel for this defendant indicates his presence at the previous trial and his knowledge then, if not sooner, of the true ownership.
 

 [2]
 

 . Louisiana Code of Criminal Procedure Article 703 reads in part: “A. A defendant aggrieved by an unconstitutional search or seizure may move to suppress for use as evidence at the trial on the merits, any tangible objects or other property, or documents, books, papers or other writings, on the ground that they were so obtained. A motion
 
 filed
 
 under the provisions of this paragraph must bo
 
 filed no later than three judicial days before the trial on the merits begins, unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion.
 
 The court in its discretion may permit the
 
 filing
 
 of such a motion to suppress at any time before or during the trial.” (Emphasis supplied.) This article is a modification of Rule 41(e), Federal Rules of Criminal Procedure, 18 U.S.C. While the federal source provision does not spell out a requirement that the motion be in writing, this lias been the required practice. Additionally, there is an important linguistic difference in the two laws, for our Article 703 uses the words “filed” and “filing” in reference to the motion, which are indicative of a writing.