240 So.2d 899

**STATE of Louisiana**

**v.**

**Robert McCall THOMPSON.**

**No. 50318.**

Nov. 9, 1970.

Roy L. Beard, Shreveport, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., John A. Richardson, Dist. Atty., Charles R. Lindsay, Asst. Dist. Atty., for plaintiff-appellee.

HAMLIN Justice.

Defendant appeals to this Court from his conviction of the crime of simple burglary, LSA–R.S. 14:62, and his sentence to serve nine years at hard labor in the Louisiana State Penitentiary.

Six bills of exceptions were reserved prior to trial and during trial. Counsel for the defendant states in brief, "In view of the fact that the entire record was transcribed as to all exceptions as requested by defendant, the Bill of Exception Number 1, appears to be moot." He did not argue the bill in this Court.[1] Five bills are therefore presented for our consideration.

Initially, we feel that a short discussion of the facts is necessary.

The preponderance of the evidence attached to the bills of exceptions reflects that Lorant's Sporting Goods Store, 3653 Lakeshore Drive, Shreveport, Louisiana, was burglarized of approximately $13,000.-00 worth of guns, rifles and pistols during the early morning hours of July 1, 1969. Employees discovered the burglary upon their arrival at work, and police investigation began immediately. A police informer involved in the burglary surrendered him-

1. Bill of Exceptions No. 1 was reserved when the trial court denied defense counsel's motion for a full and complete transcript of the entire record of this cause, including all preliminary matters, and subsequent proceedings, including copies of all pleadings, documents or other exhibits, at no expense to mover.

self to the police shortly after investigation commenced. He gave information with respect to the participants in the crime; he was neither booked nor taken into custody and was allowed to leave the police station. Two suspects were arrested before the defendant was apprehended. As a result of a telephone call by the informer to Detective Donnie Nichols, defendant was arrested during the early afternoon of July 3, 1969, at his sister's home where he resided; no warrant of arrest was secured by the arresting officers. Defendant was cooperative at the time of arrest and was given the Miranda warning. 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. He was taken to the Detective Office where he was booked at approximately 1:30 P.M. on July 3, 1969.

The police officers were of the opinion that some of the stolen ammunition was located in a "cafe type" building on Cooper Road, and defendant accompanied them to the building during the afternoon of July 3, 1969. Defendant was questioned intermittently before and after the trip, and he made declarations. During the early evening, after receiving the Miranda warning and signing a waiver of his right to counsel, defendant freely and voluntarily gave a recorded statement. (We have neither the declarations nor the recorded statement before us.)

On July 15, 1969, Clinton Anderson and the defendant were jointly charged by bill of information with aggravated burglary of Lorant's Sporting Goods Store. LSA–R.S. 14:60. On September 23, 1969, counsel for Anderson and counsel for the defendant filed preliminary motions in the trial court. Defendant's motions were for a bill of particulars from the State, an order directing the Clerk and Court Reporter to prepare for him at no expense a full and complete transcript of the entire record of the cause, and an order suppressing and declaring inadmissible all evidence illegally obtained after defendant's arrest.

On September 26, 1969, the preliminary motions were tried. Defendant's motion for preparation of transcript was overruled, his motion for a bill of particulars was sustained in part, and his motion to suppress evidence was overruled. The Assistant District Attorney gave notice by letter to counsel for defendant of the State's intention of introducing in evidence, at the trial, statements made by the defendant. The Assistant District Attorney severed the Bill of Information and filed separate amended Bills of Information charging Anderson and defendant with simple burglary. The case as to Clinton Anderson was continued to be reset; defendant's trial date of September 29, 1969, was not disturbed.

Prior to trial, the State filed an answer to the motion for bill of particulars; it alleged that the burglary of Lorant's Sporting Goods Store occurred during the early

morning hours of darkness on or about July 1, 1969, and that the persons who participated in the burglary were Robert Mc-Call Thompson, Clinton Anderson, George Houston[2] and Obee Lee Pipkins, address unknown. Defense counsel's motion for continuance was overruled. Trial commenced, and the defendant was found guilty as charged.

## BILLS OF EXCEPTIONS NOS. 2 AND 6

Bill of Exceptions No. 2 was reserved when the trial court overruled defendant's motion to suppress evidence.

Bill of Exceptions No. 6 was reserved during trial when the trial judge overruled defense counsel's objection to the introduction in evidence of all statements or declarations made by defendant during the period from the date of arrest to appointment of counsel, as well as all evidence obtained as result thereof.

Herein, counsel for defendant contends that defendant's arrest was illegal. He further contends that defendant's incarceration, his interrogation, and the influence and coercion exercised upon him under the facts and circumstances existing after arrest, constitute a clear violation of the constitutional rights of the accused. Because of such violation and the averred illegal arrest, counsel argues that all evidence and statements obtained as a result thereof are inadmissible. He further argues that the trial judge committed reversible error by admitting the defendant's declarations and statements in evidence.

The above contentions and arguments are based upon the testimony given by defendant at the hearing of the motion to suppress. Defendant testified that he was beaten and kicked by the police officers, and that his recorded statement was given before he received the Miranda warning. He denied signing any card with respect to the Miranda warning at the time of his arrest.

▬▬ We find that defendant's testimony is contrary to the preponderance of the evidence, supra. We also find that there was reasonable cause for defendant's arrest without a warrant of arrest. Art. 213(3), LSA–C.Cr.P. A crime had been committed, and on information furnished by a reliable informer the officers had reasonable cause to believe that defendant was a participant.

The trial judge's Per Curiam to Bill of Exceptions No. 2 and his statement given at the end of the hearing of the motion to suppress, both of which are supported by a preponderance of the evidence, supra, constrain us to find that reversible error was not committed.

2. Houston, apparently, was an informer.

## PER CURIAM TO BILL OF EXCEPTIONS NO. 2

"After a full and complete hearing on the manner in which statements of the defendant were taken, the Court found that the statements were free and voluntary on the part of the defendant and that no promise or coercion of any kind was made. The Court further found that the defendant had been properly warned as to his rights to remain silent before any statement was made.

"The Court fully explained its reason at the conclusion of the Preliminary Hearing. The evidence was overwhelming, that the defendant was not mistreated, nor promised anything in order to elicit the statements."

## THE TRIAL JUDGE'S REASONS, IN PART, AT THE END OF THE MOTION TO SUPPRESS

"First of all, he argues that the arrest was not proper, the manner of arrest, and that the man was detained for an excessive period of time for interrogation. The statement of all parties here indicate that the man was arrested, well at the most, at twelve o'clock and that he gave the statement—whether you take the statement of the police or whether you take the statement of the defendant, the statement was given in approximately six hours after he was placed under arrest. And that is all the time that elapsed from

the time that he was arrested until the statement was given. That is the formal statement. In addition to that, the officers testify that prior to that time he had given an oral statement to them.

" * * *

"Now, insofar as him making this statement, I think that the evidence that is refuted here and the inconsistencies as to what Robert Thompson says, I think weakens his position that this was not a free and voluntary statement. If he hadn't embellished his position with the fact that he was beaten up, which apparently there is no evidence on except his own statement—that is all. There is bound to be other people that saw it. He was taken out, not hidden or anything else. No reason why the people on Cooper Road couldn't have seen what his condition was. And he says that he was beaten three times before then. To me that only does one thing, and that weakens everything else he says.

"Now, if he had come here and said that the officers had given him the statement to read and that he did it thinking that it was the easiest way out or something of that nature, the Court might feel that there was a little more credence to the fact that he was given a statement, told to read it and all that, but what he has done, he has added flavor to it. For that reason I have no confidence in what he testifies to.

"The motion to suppress is overruled. I feel that the evidence is clear that the statement was free and voluntary, and that there was no coercion or violence involved in the statement given by Robert McCall."

Bills of Exceptions Nos. 2 and 6 are without merit.

### BILL OF EXCEPTIONS NO. 3

Bill of Exceptions No. 3 was reserved when the trial judge denied defense counsel's motion for a continuance.

The motion for continuance, September 29, 1969, recites in part:

"1

"The State of Louisiana, District Attorney for Caddo Parish, Louisiana, have failed to furnish the defendant with a Bill of Particulars, as ordered by the Court; and filed a new charge on Sept. 26.

"2

"The State of Louisiana, on Friday, September 26, 1969, obtained a severance in this cause and has tacitly obtained a continuance to the defendant who was jointly indicted and whose trial had previously been set for this date and hour.

"3

"Mover is entitled to a continuance of this cause under Articles 712, 714, Louisiana Code of Criminal Procedure.[3]

"WHEREFORE, mover prays a continuance be granted herein, and that this cause be fixed for trial on Friday, October 3, 1969, or for a date during the week of October 6, 1969."

Herein, defense counsel contends that there were two bases for his request for a continuance, namely, (a) the last minute severance of the trial of the co-defendant, and (b) the bill of particulars. He argues:

"The defendant lost the expected benefit of the joint counsel and cooperation with Anderson and his attorney. At this point, Thompson was uncertain about the prospective testimony of Anderson, and was not given an opportunity to investigate, consider and evaluate the effect of the revised trial proceedings.

"Because of these facts, the defendant was denied a reasonable opportunity to prepare his case in the light of recent developments instigated by the District

---

3. "A motion for continuance, if timely filed, may be granted, in the discretion of the court, in any case if there is good ground therefor." Art. 712, LSA–C.Cr.P.

"When defendants are jointly indicted and a continuance is granted to one of them, the court may grant a continuance to any of the others, on his motion. However, a continuance granted to one defendant shall not deprive other jointly indicted defendants of a prompt trial unless the state can show good ground for continuance as to them." Art. 714, LSA–C.Cr.P.

Attorney. The lack of opportunity to prepare is a denial of due process on its face and invalidates the subsequent trial and proceedings."

Counsel further argues:

"There is one additional and compelling matter to be considered in connection with the request for continuance. The Court ordered the District Attorney to file a Bill of Particulars, as a result of motions filed by the accused. This order issued prior to 5:00 P.M., Friday. Friday, Saturday and Sunday elapsed. As of 10:00 o'clock A.M. on the morning and hour this cause was set for trial, the District Attorney had not yet filed any bill of particulars. In fact, the Motion for Continuance for such failure was filed and argument thereon in progress, and the Bill *still had not* been filed.

"On page 3 of the Transcript of 9/29/70, the Court asked:

" 'Have you complied with the Motion for bill of particulars?'

"On page 4, the District Attorney admits that he has not filed the Bill, 'but I do file it at this time.'

"Now of what value to an accused is a package deal—Bill of Particulars and Trial all together? Absolutely none. The reasons for particulars are to furnish information, which gives rise to preparation for trial—to prepare a defense."

 We do not find that the defendant suffered any prejudice from the severance of his trial from that of Clinton Anderson. The State elected to try the defendant alone, and under Article 704 of the Code of Criminal Procedure,[4] it had a right to exercise the prerogative of severance. Under the facts and circumstances of the case, the severance did not occur at a prejudicial date. Defense counsel was not precluded from securing the assistance of other counsel; he had two days in which to solicit such help. Before it elected to pray for severance, the State needed rulings on the preliminary motions, supra, which were essential and relevant to the trial of defendant's case; such rulings were made on September 26, 1969, and defendant's trial date of September 29, 1969, was not disturbed. We do not find that any objection with respect to the closeness of time between the trial of the motions and the date of trial had been voiced prior to the trial of the preliminary motions. Defendant, therefore, did not suffer a lack of due process.

 Particulars were furnished to defense counsel on the morning of trial. The

---

4. "Jointly indicted defendants shall be tried jointly unless:
"(1) The state elects to try them sepa-
rately; or
" * * *." Art. 704, LSA–C.Cr.P.

date was late, Art. 484, LSA–C.Cr.P.,[5] but we do not find that the information furnished defense counsel, supra, necessitated extensive further preparation for trial. A ruling was made on September 26, 1969, as to the information defense counsel was entitled to receive. Other than being told that the address of one of the participants in the burglary was unknown, the information (the specific time of the commission of the crime and the participants, supra) received by defense counsel was undoubtedly already within his knowledge. We find that the defendant suffered no prejudice from having to go to trial on September 29, 1969. We find the following per curiam of the trial judge correct:

"At the time of trial, the District Attorney was permitted to sever the trial of a co-defendant. The defendant asked for a continuance, which was denied. The statements made by the defendant would only be admissible in a trial with him alone and that the State would be deprived of the use of these statements in the consolidated trial of the co-defendants. The defendant was not prejudiced in any way by denying the continuance. He was prepared to go to trial on that day and was not able to show the Court anything to prejudice him by being ordered to trial. The Code of Criminal Procedure does not restrict the District Attorney as to when he can choose to try the co-defendants separately. This is a matter the Code gives the District Attorney the right to elect. In the present case the District Attorney did not elect until the question of the statement had been ruled on. He then knew he would be permitted to introduce the statements against the defendant at the trial, thus he chose at that time to clear the way for the use of the statements by asking for a severance. This is clearly permitted by the Code of Criminal Procedure. There was no showing that the severance made at the time of the trial prejudiced the defendant in the least. The District Attorney had this right and we feel it was proper to permit the severance."

Bill of Exceptions No. 3 is without merit.

## BILL OF EXCEPTIONS NO. 4

■ Bill of Exceptions No. 4 was reserved when the trial judge overruled defense counsel's objection to the testimony

5. "A motion for a bill of particulars may be filed of right before trial or within ten days after arraignment, whichever is earlier. After expiration of the ten-day period the court may permit the filing of such a motion until the commencement of trial. When a motion is filed or on its own motion, the court may require the district attorney to furnish a bill of particulars setting up more specifically the nature and cause of the charge against the defendant.
"* * *
"When a bill of particulars is furnished, it shall be filed of record and a copy of the bill given to the defendant." Art. 484, LSA–C.Cr.P.

of Bobby Garza, a witness for the prosecution.

It is contended that the testimony was immaterial and irrelevant, and that it had a tendency to prolong the trial, preoccupy the attention of the jurors and confuse their minds, and becloud the issues of the prosecution.

The testimony of the witness was essential to the State's presentation of its case and was therefore relevant.

The following per curiam of the trial judge explains the correctness of his ruling:

"The testimony of Bobby Garza was admitted to corroborate the testimony of Mr. Lorant that a theft had taken place. It was necessary for the State to prove that a Burglary had in fact taken place. The testimony of Mr. Garza was a part of the res gestae. Its sole purpose was to confirm that a burglary had taken place. If the State is denied the right to prove a necessary element of the crime, it would provide the defendant with an absolute defense. The testimony was therefore material and essential."

Bill of Exceptions No. 4 is without merit.

## BILL OF EXCEPTIONS No. 5

■ Bill of Exceptions No. 5 was reserved when the trial judge overruled defense counsel's objection to the introduction in evidence of State Exhibit No. 9, a large number of pistols and weapons.

It is contended that the trial court simply allowed the inventory without question, which placed before the jury evidence that was at the instant irrelevant, immaterial, and inflammatory and overly dramatic, all intended to prejudice the jury, which result, it is further contended, did occur.

The following statement of the Assistant District Attorney to the trial court explains the State's reasons for offering the weapons in evidence:

"Well, I think that we have shown the list of property which has been introduced into evidence, of property that was taken from Lorant's. We have these weapons here in court today, which we can take the time and show the exact serial number matching against the exact list. But Chief Teasley has testified that these are the same weapons that do match the list, and that they were recovered pursuant to the search warrant, that they are the weapons that were taken from Lorant's during the course of the burglary. And all we are doing at this point still is showing the burglary and the recovery of certain property to show that these weapons were in fact stolen, and that they are in fact the property of Lorant's. And we do think they are relevant in simply showing the burglary."

The State clearly explained the relevance of the exhibit. We find that the evidence was material and adopt the following per curiam of the trial judge:

"The Court felt that weapons identified as having been in the store at the time of the burglary and later recovered during the investigation were admissible as part of the res gestae. The State is required to prove a crime and evidence of its commission on items stolen are clearly material and relevant to the State's case."

Bill of Exceptions No. 5 is without merit.

For the reasons assigned, the conviction and sentence are affirmed.

BARHAM and TATE, JJ., concur in result.