279 So.2d 177 (1973)
STATE of Louisiana
v.
Larry J. HUBBARD.
No. 53157.
Supreme Court of Louisiana.
June 11, 1973.
*178 Woodson T. Callihan, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Special Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., M. Stephen Roberts, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Appellant, Larry J. Hubbard, was charged in a bill of information with armed robbery. After a trial, he was found guilty and sentenced to serve twenty years at hard labor in the state penitentiary.
Thereafter, by way of habeas corpus application, appellant was granted an appeal because of his allegation that he had not been advised of this right. He relies upon one bill of exceptions for a reversal of his conviction.
This bill is directed at the allowance by the trial judge of two amendments to the bill of information, one changing the date and one changing the name of the victim.
Appellant contends that under the provisions of Article 487 Code of Criminal Procedure the court may, before the trial begins, order an indictment amended with respect to a defect of substance, but that after trial begins, if such amendment is made, a mistrial shall be ordered. It is the interpretation of appellant that in the present case, at the time the court allowed these alleged substantive amendments, trial had in fact commenced. He urges the only procedural exception, if Article 487 is not complied with, is the granting of a continuance as provided for in Article 489 Code of Criminal Procedure.
Article 761 of the Code of Criminal Procedure provides:
"A jury trial commences when the first prospective juror is called for examination. A trial by a judge alone commences when the first witness is sworn."
A prospective juror, before being examined, must be sworn to answer questions asked him relative to his qualifications to serve as a juror in the case. Article 786 Code of Criminal Procedure.
An examination of the record shows that appellant was charged in a bill of information with violation of R.S. 14:64 on January 15, 1970 for having robbed one Jack Allen Hebert. After the jury venire was polled, the court read Articles 401 and 403 of the Code of Criminal Procedure pertaining to the qualifications and exemption of jurors. The jury venire was excused from the courtroom. The State moved to amend the bill of information by changing the date from January 15, 1970 to January 9, 1970, and the name of the victim from Jack Allen Hebert to Louis Tuzy. Appellant objected; the trial judge overruled the objection and granted the amendments, to which ruling a bill of exceptions was reserved.
Thereafter, upon instructions of the Court, the reporter produced the jury box in open court and withdrew therefrom the envelope containing the names of the persons comprising the jury venire for the week beginning May 18, 1970. The minutes recite that the selection of the jury was then begun. The jury was thereafter selected, sworn and empaneled.
Accordingly, at the time the amendments in question were allowed by the court, trial had not commenced under our law. No juror had been sworn and examined. Articles 761 and 786 Code Criminal Procedure.
This Court held in State v. Royal, 255 La. 617, 232 So.2d 292 (1970) that an amendment to an information, whether it be in substance or otherwise, is permitted before the commencement of the selection *179 of the jury since, under Article 761 Code of Criminal Procedure, this is prior to the beginning of trial.
It should be observed that the amendment as to time was not an amendment as to a defect of substance.
Article 468 of the Code of Criminal Procedure provides that the date or time of the commission of the offense need not be alleged in the indictment, unless the date or the time is essential to the offense.
Armed robbery, under R.S. 14:64 "is the theft of anything of value from the person of another, or which is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon. * * *"
The offense of armed robbery, under Article 465 of the Code of Criminal Procedure, may be charged in the following short form:
"A. B., while armed with a dangerous weapon, robbed C. D."
This Court, in State v. Pickett, 261 La. 237, 259 So.2d 307 (1972), held that time is not an essential element of the offense of armed robbery. An amendment as to time was allowed in that case during trial, pursuant to Article 487 Code of Criminal Procedure, which grants authority to the trial court to cause the information to be amended at any time "in respect to any such formal defect, imperfection, omission, or uncertainty."
We find no merit in appellant's contention that he was entitled to a continuance under the provisions of Article 489 Code of Criminal Procedure because he had been prejudiced in his defense upon the merits.
No prejudice was suffered by appellant for the reason that the State, in answer to a request for a bill of particulars, set forth the date of the alleged offense as used in the amendment. This put appellant on notice of the date later substituted by the amendment and, hence, he could not claim surprise.
Additionally, no motion for a continuance was made in this case. This point will be more fully covered later in this opinion.
Appellant next contends the amendment changing the name of the victim was one of substance and prejudiced his right to a fair trial. Again it is urged that a continuance should have been granted.
This argument is likewise without merit. Initially it is to be observed, as we have already stated, that trial had not commenced. Conceding arguendo that this was an amendment of substance, it was properly allowed before trial. State v. Royal, 255 La. 617, 232 So.2d 292 (1970); Article 487 Code of Criminal Procedure.
The only relief to which appellant could be entitled is a continuance under Article 489 Code of Criminal Procedure. However, this is only upon a showing that he was prejudiced by the change of the name of the victim in the bill of information.
It was the position of the State that no prejudice resulted from this amendment since investigation would have revealed that both parties were present at the time of the robbery. It argued that this amendment would not materially change the facts in any way; the only reason for the change being that it was ascertained, after the filing of the bill of information, that it was Tuzy, rather than Hebert, who physically handed the money over to the accused at the time of this robbery.
The trial judge, in ruling on this amendment, stated:
"This thing all grew out of one fact situation. They're not moving it from one location to another location or anything like that. I honestly can't see where the rights of the accused would be prejudiced. If he's got a defense to armed *180 robbery, he's got a defense both as to Hebert and Tuzy. * * *"
We agree with the trial judge. It is difficult to perceive how this amendment as to name could have taken appellant by surprise or prejudiced him in his defense under the particular circumstances here presented.
On the other hand, if appellant considered that he had been prejudiced in his defense with respect to the amendment so made, it was incumbent upon him to file a motion for a continuance in accordance with Article 489 of the Code of Criminal Procedure, which provides:
"If it is shown, on motion of the defendant, that the defendant has been prejudiced in his defense on the merits by the defect, imperfection, omission, uncertainty, or variance, with respect to which an amendment is made, the court shall grant a continuance for a reasonable time. In determining whether the defendant has been prejudiced in his defense upon the merits, the court shall consider all the circumstances of the case and the entire course of the prosecution. If it becomes necessary to discharge the original jury from further consideration of the case, the trial before a new jury will not constitute double jeopardy."
At the time the State sought to amend as to the name and explained the reason therefor, the trial judge stated that if the accused is prejudiced by the amendment "then, of course, your remedy is a continuance."
In spite of this statement, no motion was made by appellant. The record does contain an isolated statement by the District Attorney: "Yes, here's a motion for continuance. Yeah, Sam, you've got a motion in here."
Article 707 of the Code of Criminal procedure recites:
"An application for a continuance shall be by written motion alleging specifically the grounds upon which it is based, and when made by a defendant, must be verified by his or his counsel's affidavit."
A motion for a continuance will not be considered by the court unless made in writing. State v. Tennant, 262 La. 941, 265 So.2d 230 (1972); State v. Polk, 258 La. 738, 247 So.2d 853 (1971); State v. Devenow, 253 La. 796, 220 So.2d 78 (1969). Defendant, in order to be entitled to a continuance, must show in what respect his defense is prejudiced by the change. State v. Royal, 255 La. 651, 232 So.2d 465 (1970).
Appellant argues in this Court that the trial judge ruled on his right to a continuance. He infers that, because of certain remarks of the judge in the transcript, there was no necessity for a motion being filed by him.
The trial judge made no ruling on the right to a continuance, for no such motion was filed. The record is clear that the ruling of the court was on the amendments to the information. As to the victim-amendment, the court ruled: "Let the bill be amended. Your objection to the amendment is overruled." In response to the date-amendment, the court ruled: "* * * Let that amendment be made. * * *" Counsel for appellant then replied: "To which amendment we object, Your Honor, and ask that the amendment of the bill, both amendments, together with the argument of counsel and ruling of the Court be made part thereof."
Accordingly, it is evident that the bill of exceptions here taken was reserved to the ruling of the court on the amendments and that no motion for a continuance, either oral or written, was ever made, nor did the court ever rule on such a motion.
The following statement by this Court in State v. Lewis, 253 La. 230, 217 So.2d 381 (1968) is appropriate to a disposition herein:
"We likewise find no merit in bill of exceptions No. 3 taken to the court's overruling *181 of the accused's motion for a continuance. The motion was an oral one, not permitted by Article 707 of the Code of Criminal Procedure. That article provides that an application for a continuance shall be by written motion alleging specifically the grounds upon which it is based, and that it must be verified by an affidavit of defendant or that of his counsel. Consequently, there being no formal application for a continuance, nothing is presented for us to review. State v. Patterson, 176 La. 1013, 147 So. 62, State v. Washington, 220 La. 963, 58 So.2d 195 and State v. Jones, 233 La. 775, 98 So.2d 185."
Since no motion for a continuance was made, no complaint can now be asserted by appellant. Furthermore, under the facts of this case, a continuance was not warranted as appellant failed to show that the amendments prejudiced him or resulted in surprise.
For the reasons assigned, the conviction and sentence are affirmed.